UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

CARLOS CRUZ-ORTUBE,

    Plaintiff,

Vs.

GREEK FOODS SPECIALTY, INC., . d/b/a Hellas Imports, and
GEORGIA RIGALOS, and

    Defendants.

_____/

## **COMPLAINT**

Plaintiff, CARLOS CRUZ-ORTUBE, ("CRUZ-ORTUBE"), by and through his undersigned counsel, hereby, files this, his Complaint against Defendants, GREEK FOODS SPECIALTY, INC. ("GREEK FOODS"), a Florida corporation d/b/a Hellas Imports, and GEORGIA RIGALOS, ("RIGALOS"), individually, collectively, ("Defendants") and alleges as follows:

## **INTRODUCTION**

1.    This is a proceeding for monetary damages to redress the deprivation of rights secured to Plaintiff by the maximum hour provisions of Section 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*., ("FLSA"). Additionally, Plaintiff seeks relief for unlawful retaliation under section 15(a)(3) of the FLSA as well as for violations of Fla. Stat. § 440.205.

## **JURISDICTION**

2.    The jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

1

## VENUE

3. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed within Broward County, Florida. Accordingly, venue lies in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b);

    b. Defendant, GREEK FOODS, was and continues to be organized under the laws of the State of Florida doing business within this judicial district; and

    c. Defendant, RIGALOS, was and continues to be a resident of Broward County and is the owner and president involved in the day to day activities including, without limitation, the establishment of pay policies for the employees of GREEK FOODS, a Greek food distributor and market doing business at 515 N. 21st Avenue, Hollywood, FL, Florida.

## PARTIES

4. At all times material hereto, Plaintiff was and continue to be a resident of Broward County, Florida.

5. Defendants, GREEK FOODS and RIGALOS, own and operate the wholesale and retail market/warehouse Hellas Imports in Hollywood, Florida. Among other things, the Defendants import and export foods, wines, and beers.

6. At all times material hereto, Defendants, jointly and severally, were Plaintiff's direct employer, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

7. At all times material hereto, Plaintiff, was an "employee" of Defendants within the meaning of the FLSA.

8. At all times material hereto, Defendants, were the employer or former employer of Plaintiff.

9. At all times material hereto, Defendant, GREEK FOODS, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all times material hereto, Defendants regularly owned and operated a business engaged in commerce as defined in § 3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and § 203(s).

11. At all times material hereto, annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material hereto, Defendant, GREEK FOODS, operated as an organization which markets its goods to customers throughout the United States and internationally through Facebook and other modes of social media. Defendants, GREEK FOODS, further purchase goods that have been transported from across state lines and internationally.

13. At all times material hereto, Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants.

14. At all times material hereto, the work performed by the Plaintiff, was directly essential to the business performed by the Defendants.

15. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of the FLSA.

**STATEMENT OF FACTS**

16. Plaintiff, CRUZ-ORTUBE, was hired to work as a laborer at the Defendant's, GREEK FOODS, warehouse from on or about August 22, 2017 through January 14, 2020 (the date of his workplace accident).

17. From August of 2017 and continuing through September 2018, Plaintiff was paid $ 550.00 per week based on a 45 hour week, or $ 12.22 per hour. From September 2018 and continuing through January 2020, Plaintiff was paid $ 650.00 per week based on a 45 hour week, or $ 14.44 per hour.

18. From August of 2017 and continuing through January 2020, Plaintiff worked an average of 48 hours per week, but was not paid for any overtime at the rate of time and one-half his hourly rate. Rather, Plaintiff was paid a salary or straight time for all hours worked.

19. At all-times material hereto, Plaintiff did not have 80 or more subordinate hours and did not possess the requisite indicia necessary for a section 13(b) exemption.

20. At all times material hereto, Plaintiff fully performed his obligations as an employee of the Defendants.

21. Upon information and belief, from August 2017 through September of 2018, Plaintiff worked overtime for approximately 49 weeks. Additionally, from September of 2018 and continuing through January of 2020, Plaintiff worked approximately 66 weeks of overtime.

22. Upon information and belief, Plaintiff worked the following overtime hours of which he was not compensated at the rate of 1.5 times his hourly rate and as a result, is owed the following:

| | | |
|---|---|---|
| 2017-2018: | 49 weeks x 5 overtime hours x 0.5 x $ 12.22 = | $ 1,496.95 |
| | + 49 weeks x 3 overtime hours x 1.5 x $ 12.22 = | $ 2,694.51 |
| 2018-2020: | 66 weeks x 5 overtime hours x 0.5 x $ 14.44 = | $ 2,382.60 |
| | + 66 weeks x 3 overtime hours x 1.5 x $ 14.44 = | $ 4,288.68 |
| Sub-Total | | $10,862.74 |
| <u>Liquidated Damages:</u> | | <u>$10,862.74</u> |
| **Total Damages:** | | **<u>$21,725.48</u>** |

23. At all times material hereto, Defendants failed to keep proper time records demonstrating the hours worked by Plaintiff.

24. At all times material hereto, Defendants' acts and/or omissions giving rise to this action were not in good faith and at no time did Defendants have reasonable grounds for believing that their acts and/or omissions were not a violation of the FLSA.

25. On January 14, 2020 Plaintiff had a workplace accident and filed a worker's compensation claim.

26. In April of 2020, the Plaintiff, through counsel, provided the Defendants with a demand to be compensated for the unpaid overtime. In June 2020, the Plaintiff was advised by Defendants that he was being terminated.

27. Plaintiff has retained the Law Firm of Michael A. Pancier, P.A to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIMS

### COUNT I

**VIOLATION OF OVERTIME PROVISIONS
OF THE FAIR LABOR STANDARDS ACT
<u>29 U.S.C. §§ 207</u>**

28. Plaintiff realleges and reavers paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Pursuant to section 7 of the FLSA, Plaintiff was supposed to be paid overtime at a rate equal to the minimum wage times time and one-half (1.5x). Plaintiff was paid below the legal overtime rate.

30. Defendants actions were willful.

31. Plaintiff was underpaid below the applicable federal overtime rate by $10,862.74.

32. Plaintiff is also owed an equal amount as liquidated damages under the FLSA.

33. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered jointly and severally in his favor against Defendants:

a. Declaring, pursuant to 28 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff unpaid overtime wages of $ 10,862.74 plus an equal amount as liquidated damages totaling **$21,725.48;**

c. Awarding Plaintiff reasonable attorney's fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

b. Awarding Plaintiffs post judgment interest; and

c. Ordering any other and further relief that this court may deem just and proper.

## COUNT II

## **RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)**

34. Plaintiff realleges and reavers Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. Defendants' decision to terminate Plaintiff was motivated by and based upon Plaintiff's complaint that he was not compensated properly under the FLSA.

36. Accordingly, Plaintiff is entitled to damages and other relief pursuant to 29 U.S.C. § 215(a)(3).

37. Defendants' actions, as set forth above, were willful.

38. As a direct and proximate result of Defendants' unlawful and willful actions, as set forth above, Plaintiff, CRUZ, has suffered damages and will continue to suffer damages in the future, including, but not limited to:

    a. Loss of past and future income;

    b. Loss of other fringe benefits; and

    c. other financial losses.

39. Plaintiff is entitled to an award of reasonable attorney's fees, costs, and expenses related to this litigation pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Declaring, that the acts and practices complained of herein are in violation of 29 U.S.C. § 215(a)(3);

  b. Awarding Plaintiff back pay, liquidated damages, post judgment interest, and damages for all employment and retirement benefits he would have received but for Defendants' actions and/or omissions;

  c. Reinstating Plaintiff to his prior position or in the alternative, awarding Plaintiff front pay;

  d. Permanently enjoining Defendants and/or their agents and employees from pursuing and continuing to pursue their illegal and unlawful retaliatory employment practices; and

  e. Awarding reasonable attorney's fees, costs and expenses related to the litigation pursuant to 29 U.S.C. § 216(b); and

  f. Awarding any other and further relief as this Court may deem just and proper.

## COUNT III

### RETALIATION IN VIOLATION OF FLA. STAT. § 440.205

40. Plaintiff realleges and reavers Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

41. Defendants' decision to terminate Plaintiff was motivated by and based upon Plaintiff's making a worker's compensation claim pursuant to Florida law.

42. Accordingly, Plaintiff is entitled to damages and other relief.

43. As a direct and proximate result of Defendants' unlawful and willful actions, as set forth above, Plaintiff, CRUZ, has suffered damages and will continue to suffer damages in the future, including, but not limited to:

  a. Loss of past and future income;

      b.      Loss of other fringe benefits;

      c.      compensatory damages; and

      c.      other financial losses.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

      a.      Declaring, that the acts and practices complained of herein are in violation of Fla. Stat. § 440.205

      b.      Awarding Plaintiff back pay, pre judgment interest, post judgment interest, and damages for all employment and retirement benefits he would have received but for Defendants' actions and/or omissions; and

      c.      Awarding any other and further relief as this Court may deem just and proper.

### JURY TRIAL DEMANDED

Plaintiff demands trial by jury.

Date:  July 23, 2020

                          Respectfully submitted,

                          Law Offices of Michael A. Pancier, P.A.,
                          **Attorneys for Plaintiff**
                          9000 Sheridan Street, Suite 93
                          Pembroke Pines, FL 33024
                          TEL: (954) 862-2217
                          FAX: (954) 862-2287

                              /s/ Michael A. Pancier, Esq.
                          Michael A. Pancier, Esq.
                          Fla. Bar No. 958484